HALL & BROWN WOODWORKING MACHINE COMPANY *v.* LOUIS-
IANA & NORTHWEST RAILROAD COMPANY.

Opinion delivered April 23, 1906.

CONTINUANCE—AMENDMENT CHANGING ISSUES.—Where, after the evidence
was closed and the witnesses were discharged, the defendant was
permitted to amend its answer to set up a new defense, it was error
to refuse plaintiff a continuance.

Appeal from Columbia Circuit Court; *Charles W. Smith,*
Judge; reversed.

*C. W. McKay,* for appellant.

1. After the evidence was closed and the witnesses dis-
charged, it was an abuse of discretion on the part of the court
to permit defendant to amend its answer so as to defend on the
ground that "plaintiffs failed to give written notice of their claim
for damages to it within 36 hours after notice of the arrival of
the goods;" and, having permitted the amendment, it was further
error to deny plaintiff a continuance in order to prepare to meet
this issue.

2. If it is held that plaintiffs have based their action upon
the special contract by reason of having filed the bill of lading
with the papers, then it is submitted that the limitation of the
carrier's liability in the contract is not a condition precedent to
plaintiff's right of recovery.   69 Ark. 256.   The limiting clause
is in the nature of a statute of limitation.   Plaintiff's right of
action accrued immediately upon the loss of the goods, and plain-
tiff was not required to wait 36 hours to bring suit.   51 N. Y. 542,
551.   If the burden is on defendant to allege and prove the fail-
ure to give written notice of the loss, it was error in the court to
permit the amendment.   In the absence of proof that the goods
were not in the car when it was reshipped to State Line, or that
they were lost prior to its arrival at Magnolia, the presumption is
that they were lost after they were reshipped.   Hutchinson on
Carriers, 761; 42 Ark. 466; 5 Am. & Eng. Enc. Law (2 Ed.),
357.   Defendant could not therefore rely on a limitation of lia-
bility in a contract that had expired upon the arrival of the goods
at Magnolia.   It was error to permit the amendment for this rea-
son.

*J. M. Moore, W. B. Smith* and *J. M. Moore, Jr.,* for appellee.

1. Appellant is without right to sue. The ownership of the goods passed, upon delivery of the goods to the carrier, from appellant to the consignees, the appellant having reserved no *jus disponendi* in itself.   51 Ark. 133; 44 Ark. 556.   Appellant could not, by voluntarily reimbursing the consignees and assuming the loss, be subrogated to their rights against appellee. Sheldon on Sub. § 248; *Ib.* § § 240, 241; 27 Am. & Eng. Enc. Law, 202; Speers, Eq. (S. C.), 31, 37; 18 La. Ann. 705.

2. The trial court has at any time the discretion to permit an amendment so as to include any defense not inconsistent with those already alleged.   Kirby's Digest, § 6145.   The statute providing for continuance in case of amendment is not mandatory upon the court to grant the continuance, but leaves that to its discretion, upon the party complying with the requirements of the statute.   Kirby's Digest, § 6150.   Appellant made no showing either that he was surprised or was unprepared to meet the issue.   Plaintiff must have known the stipulations in the bill of lading.   There is no presumption that an injury to goods occurred at any particular point, or between any particular stations, on the line of a single carrier.   Authorities cited by appellant on this point refer to shipments over lines of connecting carriers.

. BATTLE, J.   This action was brought by Hall & Brown Woodworking Machine Company against the Louisiana & Northwest Railroad Company for the damages sustained by it on account of the loss of parts of machinery shipped in the year 1899 over the defendant's railroad as the last of a line of three connecting carriers.   It alleged in its complaint that the defendant undertook to ship certain machinery from McNeil, Arkansas, to State Line, a station on its road, in the State of Louisiana, but negligently failed to carry and safely deliver all of the same to the consignees, J. T. DeLoach & Bro., and lost certain parts thereof, to the damage of the plaintiff in the sum of $155.34. On the second day of September, 1902, in open court, the defendant filed its answer, and denied therein that the machinery was delivered to it, and that it undertook to carry and safely deliver the same to the consignee at its place of destination, and that

by reason of its negligence any part thereof was lost. On the 2d day of September, 1903, the issues in the case came on to be tried before a jury. After the evidence was closed and the witnesses in the case were discharged, the defendant was allowed to amend its answer so as to allege that it was stipulated in the bill of lading given for the shipment of the machinery that "claims for damages must be reported by the consignee in writing to the delivery line within thirty-six hours after the consignee had been notified of the arrival of the freight at the place of delivery," and that if such notice was not given the defendant should not be liable, and to allege that such notice was not given. The plaintiff thereupon moved for a continuance in order to prepare to meet the new defense, and the court overruled the motion.

The court, over the objection of the plaintiff, instructed the jury, in part, at the request of the defendant, as follows:

"3. The court instructs the jury that if they find from the bill of lading introduced as evidence in this cause that it contains a stipulation that claims for damages must be reported by the consignee in writing to the delivery line within thirty-six hours after the consignee has been notified of the arrival of the freight at the place of delivery, they will find for the defendant, the Louisiana & Northwest Railroad Company, unless they further find from the evidence that the said J. T. DeLoach & Bro. reported said damages in writing to the defendant within thirty-six hours, as therein stipulated, provided thirty-six hours was a reasonable time, as defined in another instruction given by the court."

The jury returned a verdict in favor of the defendant, and the plaintiff appealed.

After the answer remained on file for one year without amendment the plaintiff had reason to believe no new or additional defense would be pleaded by the defendant. It was guilty of no negligence in failing to be ready to meet the new issue. It was not reasonable to presume that it would be prepared to do so, as it was not, especially after the discharge of the witnesses. Whether it could have done so, it was not allowed the time or opportunity to make the necessary inquiries for information. It was certainly just and right that it should have been

allowed the privilege to do so.   The court erred in denying it the privilege.

Reverse and remand for a new trial.